UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 20-cv-80144-SINGHAL

ALTORIA WELLS-HENLEY, as
Personal Representative of the Estate of
PATRICIA DIANE HARVEY, deceased,

 Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY,

 Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
R.J. REYNOLDS TOBACCO COMPANY'S MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

On September 6, 2019, Plaintiff, Altoria Wells-Henley, as Personal Representative of the Estate of Patricia Diane Harvey, filed her complaint asserting four counts on the following theories of liability: Strict Liability, Fraud, Conspiracy to Commit Fraud, and Negligence/Gross Negligence. All of these counts set forth a claim upon which relief can be granted and Plaintiff has plead all the necessary elements for each. However, on February 6, 2020, Defendant R.J. Reynolds Tobacco Company ("Reynolds") filed its Motion to Dismiss and Incorporated Memorandum of Law in Support Thereof. Reynolds motion should be denied because 1) Plaintiff's lawsuit is not barred by the statute of limitations; 2) her fraud and conspiracy claims are not barred by the statute of repose; 3) her strict liability and negligence claims are viable and form a basis for liability; and 4) her fraud and conspiracy claims were plead with enough specificity to comply with Federal Rule of Civil Procedure 9(b).

1

As discussed below, the Complaint sufficiently places Reynolds on notice of the claims and issues raised against it, and the alleged claims are not preempted by Federal Law. A motion to dismiss based on these allegations is improper here. To the extent the Court concludes that Plaintiff has failed to state a claim and/or otherwise to adequately plead her allegations, pursuant to Rule 15(a) the Court should allow Plaintiff to amend her Complaint to rectify any such deficiencies.

## I. PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff filed her Complaint on September 6, 2019, for the wrongful death of her mother, Ms. Patricia Diane Harvey. These are new and distinct causes of action *not* based on her previously claimed personal injuries, but in fact based on new and distinct injuries that occurred within four years of the filing of this lawsuit.

In Ms. Harvey's state-court *Engle* lawsuit against Reynolds and others, it was found that Ms. Harvey was diagnosed and treated for stage-4, non-oat cell carcinoma of the lung in 2005. That non-oat cell carcinoma was found to have metastasized to Ms. Harvey's brain. According to Ms. Harvey's treating physicians and medical records, she had a complete response to the radiation and chemoradiation therapy she received during that time. For the next 10 years, Ms. Harvey was without evidence of recurrence in both her lung and brain. According to the American Cancer Society, the medical community considers many cancers *cured* when doctors cannot detect the cancer 5 years after diagnosis. During the deposition of Ms. Harvey's treating oncologist, Dr. Surendra Sirpal, Dr, Sirpal testified that Ms. Harvey's non-oat cell lung and brain cancer had been in remission for over 10 years.

Unfortunately for Ms. Harvey, in 2016, Dr. Sirpal found an abnormality during a PET scan. After conducting a needle biopsy it was found that Ms. Harvey had a potentially "new primary,"

2

moderately differentiated adenocarcinoma. In 2017, Dr. Sirpal diagnosed Ms. Harvey with a probable "second cancer." Dr. Sirpal also diagnosed Ms. Harvey with cardiovascular disease, an injury that is also new and distinct from any claims made in the state-court case. Both the new lung cancer and the cardiovascular disease were listed on Ms. Harvey's death certificate as her causes of death.

Ms. Harvey would have been entitled to maintain an action and recover damages if death had not ensued based on her newly diagnosed adenocarcinoma and cardiovascular disease. Reynolds would be liable for damages if death had not ensued and is therefore liable for damages, not only as a result of Ms. Harvey's new injuries, but also for her untimely death, in accordance with Florida's Wrongful Death Statute. Accordingly, this Court should not dismiss this case with prejudice because it is based on new and distinct injuries, separate and apart from Plaintiff's state-court *Engle* case, that occurred within the personal injury statute of limitations period and is therefore not barred by the statue of limitations.

Plaintiff recognizes that these distinctions could have been plead more specifically and hereby requests to amend her complaint to include cardiovascular disease and differentiate between the injuries and causes of action from the state-court case and the case at hand.

## II.   PLAINTIFF'S FRAUD AND CONSPIRACY CLAIMS ARE NOT BARRED BY THE STATUTE OF REPOSE

Defendant has taken Plaintiff's Complaint out of context by representing that she is alleging that its fraudulent behavior "stopped in 'the early 2000's.'" *See* Defendant's Motion to Dismiss at p. 7. Plaintiff's Complaint actually states that Reynolds and its predecessors "repeatedly denied that cigarette smoking was injurious to health and addictive until the early 2000's," and that it conspired to deprive the public of medical and scientific data reflecting the dangers and addictive nature of cigarettes from *at least* 1953 to 2000. *See* Complaint at ¶¶ 19 and 55.

3

These statements were in no way intended to limit or place an end-date on the conspiracy and fraud, but rather made to describe the general timeline in which certain fraudulent acts occurred. If the Court finds that these statements and allegations are not clear or would result in the barring of Plaintiff's fraud and conspiracy claims, Plaintiff requests that the Court grant her leave to amend her Complaint to clarify such.

### III. THE PLAINTIFF'S STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### A. Plaintiff has adequately Pled Strict Liability Claims

To establish a strict liability claim in Florida, a plaintiff must prove (1) a relationship between the defendant and the product; (2) a defect which caused the product to be unreasonably dangerous; and (3) causation between the defect and the harm suffered by the user. *West v. Caterpillar Tractor Co., Inc.*, 336 So.2d 80,87 (Fla. 1976) ("In order to hold a manufacturer liable on the theory of strict liability in tort, the user must establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection between such condition and the user's injuries or damages.") *City of St. Petersburg v. Total Containment. Inc.*, 265 F.R.D. 630, 637-38 (S.D. Fla. 2010).

Plaintiff's complaint contains concise and detailed allegations that the Defendant is strictly liable because the cigarettes they manufactured, designed, and concealed known health risks, to and from the Plaintiff were unreasonably dangerous and defective. In viewing the facts alleged in the Complaint, there is certainly a plausible allegation that the Plaintiff developed lung cancer and other tobacco-related illnesses as a result of smoking the Defendant's product detailed in ¶ 28, 29, 30, 31 and 32 of Plaintiff's Complaint.

To the extent that Defendant is alleging that the Plaintiff's Complaint is a "shotgun"

pleading and is somehow confusing and not permissible, Rule 8 permits alternative pleadings and a pleading is deemed sufficient if any one of the alternative pleadings is sufficient. Because the strict liability claim is sufficient against the Defendant, the Complaint is sufficient and the Motion to Dismiss should be denied.

### B. Plaintiff has adequately Pled Negligence Claims

The elements of a cause of action for negligence in a products liability case are the following: (1) the manufacturer must have a legal duty to design and manufacture a product reasonably safe for use; (2) the manufacturer must fail to comply with that duty; (3) the plaintiff must have an injury that is legally caused by the manufacturer's breach of duty; and (4) the plaintiff must have suffered damages. *Indem Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 344 F3d 1136, 1146 (11th Cir 2003) (per curiam). Plaintiff's complaint contains concise and detailed allegations that the Defendant is negligent and/or grossly negligent because the cigarettes they manufactured, designed, and concealed known health risks, to and from the Plaintiff were unreasonably dangerous and defective. In viewing the facts alleged in the Complaint, there is certainly a plausible allegation that the Plaintiff developed lung cancer and cardiovascular disease as a result of smoking the Defendant's product and the Defendant's attempt to avoid liability on this basis must be denied.

### C. Plaintiff's Claims are Not Preempted by Federal Law.

In Defendant's motion to dismiss, Defendant is alleging that the Federal Cigarette Labeling and Advertising Act, preempts in whole or in part Plaintiff's claims. In making this argument they used the United States Supreme Court Case of *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992). In *Cipollone*, the Supreme Court held that some state-law claims are preempted by this Act, but not all claims are preempted. Only claims that rely on omissions or inclusions in

advertising and/or promotions are preempted.  The Court made the following holdings:

    a.  The 1969 Act preempts claims based on a failure to warn and the neutralization of federally mandated warnings to extent that those claims rely on omissions or inclusions in advertising or promotions;

    b.  The 1969 Act does not preempt claims that rely solely on testing or research practices or other actions unrelated to adverting or promotion under a failure to warn theory; and

    c.  The 1969 Act does not preempt claims based on express warranty, intentional fraud and misrepresentations, or conspiracy.

Plaintiff's complaint has properly plead the causes of actions of Strict Liability, Fraud, Negligence/Gross Negligence, and Conspiracy to Commit Fraud.  These claims are not concerning advertising or promotions.  Thus, these actions are not preempted by the Federal Cigarette Labeling and Advertising Act.  As such, Defendant's motion to dismiss should be denied based on preemption of Federal Law.

### IV. LEAVE TO AMEND RATHER THAN DISMISSAL WOULD BE THE APPROPRIATE REMEDY FOR A PLEADING DEFICIENCY

The Middle District's decision in *Kahama VI, LLC v. HJH, LLC, et al.*, 2013 U.S. Dist. LEXIS 174032 (M.D. Fla. Dec. 12, 2013) "permitted amendment to clarify the existing claims;" and therefore, "it did not permit adding new claims or parties."  The Court went on to say that the plaintiff could "remedy the procedural defect by filing a Motion to Amend the Complaint to add these new claims." *Id*.  The *Kahama* ruling is similar to this Court's ruling in *Zarella v. Pacific Life Insurance Co.*, 809 F. Supp.2d 1357, 1372 (S.D. Fla. 2011).  The *Zarella* Court's order "explained the pleading defects and allowed plaintiffs to amend their complaint in accordance with the Court's ruling."

*Zarella*, held that the order did not "specifically limit Plaintiffs in amending their pleading," but that the order also did not provide them with a *carte blanche* to begin their case over again. *Id.* at 1372. Unlike in this instant case, in *Zarella*, there was a substantial delay in bringing a claim, which was brought almost one year after their Complaint was filed. *Id*. The Court found that to be undue delay and prejudicial to the defendant, because the action was too far gone. *Id*. at 1372-73. Should this Court dismiss Plaintiffs' Amended Complaint, Plaintiff respectfully requests this Court grant leave to amend in the interest of justice.

### A. Fraud Claims

Plaintiff believes that he has plead all the elements required in Florida for a Fraud claim and a Conspiracy to Commit Fraud claim based on the holding of *Philip Morris USA, Inc., v. Douglas*, (Fla. 2013). The Florida Supreme Court held that accepting the Phase 1 findings of *Engle*[1] as res judicata does not violate due process rights of defendants. It is Plaintiff's contention that the specific representations, time, place and reliance facts of the Plaintiff's Fraud claims have been established by the Florida Supreme Court as res judicata. However, if this Court believes that Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 9(b), Plaintiff respectfully requests that she be granted leave to amend in order to comply with the rule.

### B. Other Claims

Leave to amend to comply with Rules 8 and 9, as well as Rule 12(b)(6) should be freely granted. *United States ex rel. Adrian v. Regents of the Univ. of California*, 363 F.3d 398, 403 (5th Cir. 2004). Thus, should this Court find Plaintiff's Complaint to be deficient in any degree, Plaintiff respectfully that she be granted leave to amend in order to address such deficiency.

---

[1] *Engle v. Liggett Group, Inc.*, 945 So.2d 1246 (Fla. 2006).

## **CONCLUSION**

Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied, or in the alternative, Plaintiff requests this Court grant Plaintiff leave to amend her complaint and correct any deficiencies as the Court deems just and proper.

Dated: March 6, 2020                                             Respectfully submitted,

 

**GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC**
221 SE Osceola St.
Stuart, FL 34994
T: (772) 283-8260
F: (772) 219-3365

BY: */s/ Charles L. Scott, Jr.*

Willie E. Gary
Florida Bar No. 187843
Charles L. Scott, Jr.
Florida Bar No. 123168
cscott@williegary.com
beddison@williegary.com
tobacco@williegary.com
***Counsel for Plaintiff***