UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80144-SINGHAL

ALTORIA WELLS-HENLEY, as
Personal Representative of the Estate of
PATRICIA DIANE HARVEY, deceased,

    Plaintiff,

vs.

R.J. REYNOLDS TOBACCO COMPANY,

    Defendant.
_____/

**JOINT SCHEDULING REPORT AND RULE 26(f) DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.1, the Court's February 19, 2020 Order Requiring Scheduling Report and Certificates of Interested Parties (DE[6]), and the Parties' discovery and scheduling conference held on March 9, 2020, Plaintiff, Altoria Wells-Henley, as Personal Representative of the Estate of Patricia Diane Harvey, deceased, ("Plaintiff") and Defendant R.J. Reynolds Tobacco Company ("Reynolds") (collectively the "Parties") hereby file this Joint Scheduling Report and Rule 26(f) Discovery Plan.

**I.   DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

    **A.   Changes in the Timing, Form, or Requirements Under Federal Rule of Civil Procedure 26(a)**

The Parties agree to make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on March 25, 2020. The Parties have no suggested changes to the form of, or requirements for, their initial disclosures.

**B.     Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and How Discovery Should Be Conducted**

The Parties agree that discovery will be needed on the underlying facts concerning the essential elements of Plaintiff's claims for strict liability (Count I), fraud (Count II), conspiracy (Count III), and negligence (Count IV); causation; compensatory damages; and Reynolds's affirmative defenses, which Reynolds will raise if its pending motion to dismiss is denied.

The Parties agree that the fact and expert discovery deadline shall be March 1, 2021. Discovery shall not be conducted in phases.

Plaintiff previously executed a set of authorization forms to enable Reynolds to obtain copies of Ms. Harvey's medical, hospital, prescription, psychiatric, educational, employment, insurance, worker's compensation, military, social security earnings and disability, income tax, Medicare, Medicaid, and patient account records. Plaintiff agrees to execute, and return within fourteen (14) days of receipt from Reynolds, any additional authorizations that may become necessary.

The maximum number of interrogatories or requests for admissions by each party shall be governed shall be governed by the applicable Federal Rules of Civil Procedure and Local Rules, unless otherwise stipulated to by the parties or authorized by the Court.

The maximum number of depositions by each side will be ten (10) and there will be a presumptive seven (7) hour time limit for each, as provided by Federal Rules of Civil Procedure 30 and 31, unless otherwise stipulated to by the parties or authorized by the Court. Expert witnesses and treating physicians will be excluded from the ten-deposition limit.

**C.     Issues Relating to Disclosure or Discovery of Electronically Stored Information**

Reynolds and other cigarette manufacturers have been defendants in other lawsuits with allegations and claims similar to those filed by Plaintiff. In these lawsuits, Reynolds, and the companies or businesses it has acquired, have produced more than 4.3 million documents, containing more than 33.5 million pages of information. The vast majority of these documents are publicly available to Plaintiff on Reynolds's Internet document website accessible at www.rjrtdocs.com. This document website provides multiple search options for users to identify and locate documents responsive to desired search criteria. The document website also allows users to separately search for documents from the files of Reynolds, Brown & Williamson Tobacco Corporation, The American Tobacco Company, and Lorillard Tobacco Company.

Accordingly, where appropriate, Reynolds may direct Plaintiff to its document website in response to any discovery request in accordance with the Federal Rules of Civil Procedure. Reynolds may choose to direct Plaintiff to its document website by either suggesting search terms for Plaintiff or providing Plaintiff with a list of Bates numbers of documents that Reynolds believes may be responsive to a particular request. Plaintiff will advise Reynolds of any issues she has with websites searches, and Reynolds will work to Plaintiff to resolve any issues.

The Parties have not agreed to limit their responses to responses to any discovery requests to any particular form. The parties have discussed electronically stored information. As noted above, non-confidential documents previously collected from electronic sources have been produced in smoking-and-health litigation and posted to Reynolds's document website. Reynolds, like many other corporations, has electronically stored information from a variety of media sources that is not reasonable accessible pursuant to Federal Rules of Civil Procedure 26(b)(2)(B).

To the extent that Reynolds is requested and, following a reasonable search, produces information pertaining to the Decedent from Reynolds's consumer information systems, the documents will be Bates stamped and produced by Reynolds's counsel to Plaintiff's counsel.

### D. Issues Relating to Claims of Privilege or of Protection as Trial Preparation Material

The Parties have no special issues at this time relating to claims of privilege or of protection as to trial preparation material.

### E. Whether Changes Should be Made in Limitations on Discovery Pursuant to the Federal and Local Rules

The Parties have no suggested changes in the limitations on discovery by the Federal Rules of Civil Procedure and Local Rules at this time unless specifically addressed elsewhere herein.

### F. Other Orders that the Court Should Issue Under Federal Rule of Civil Procedure 26(c) or Under Federal Rule of Civil Procedure 16(b) and (c)

The Parties request that the Court enter their Joint Proposed Scheduling Order, which is attached hereto as Exhibit 1 and is being submitted to the Court for entry contemporaneously with the filing of this Joint Scheduling Report and Rule 26(f) Discovery Plan.  The Parties have no suggestions for other orders that should be entered by the Court at this time under Federal Rule of Civil Procedure 26 (c) or under Federal Rule of Civil Procedure 16(b) and (c).

## II. SCHEDULING CONFERENCE REPORT PURSUANT TO LOCAL RULE 16.1

### A. The Likelihood of Settlement

The parties agree that settlement is unlikely at this time.

### B. The Likelihood of the Appearance of Additional Parties

The parties do not anticipate the appearance of additional parties.

### C. Proposed Time Limits to:

#### 1. Join Other Parties and Amended Pleadings

4

The Parties agree that the deadline to join other parties and amend the pleadings shall be May 10, 2020, unless an amendment is permitted pursuant to a subsequent Court ruling on a motion to dismiss. Reynolds reserves the right to object to the joining of any other parties.

### 2. To File and Hear Motions

The Parties agree that the deadline to file dispositive and *Daubert* motions shall be March 23, 2021 and that the deadline to file motions *in limine* shall be March 30, 2021. Responses and replies to all motions shall be subject to the time periods described in Local Rule 7.1, and the applicable Federal Rules of Civil Procedure, unless otherwise stipulated to by the parties or authorized by the Court.

### 3. To Complete Discovery

The Parties agree that the fact and expert discovery deadline shall be March 1, 2021.

### D.   Proposals for the Formulation and Simplification of the Issues

The Parties have no proposals at this time for the formulation and simplification of the issues. However, the Parties agree to work together to try and simplify the issues in this case.

### E.   The Necessity or Desirability of Amendments to the Pleadings

There is a pending motion to dismiss, therefore Reynolds has not filed its answer or affirmative defenses. In the event the Court rules in Reynolds's favor on its motion to dismiss, Plaintiff anticipates having to amend her complaint.

### F.   The Possibility of Obtaining Admissions of Fact and of Documents

The Parties will attempt to obtain admissions of, or stipulate to, facts and the authenticity of documents where possible to avoid unnecessary proof. Pre-trial motions may be filed where appropriate to narrow the issues in this case and to obtain rulings on the admissibility of the evidence.

      **G.**    **Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence**

The Parties agree to work together to attempt to enter into stipulations where possible to avoid unnecessary proof and cumulative evidence. The Parties will attempt to stipulate to facts and to the admissibility of evidence before trial where there is no dispute. The Parties agree that any remaining contested issues of fact should be decided by the jury.

      **H.**    **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The Parties will consent to discovery matters being referred to the Magistrate Judge assigned to this case. However, the Parties do not consent at this time to dispositive motions, *Daubert* motions, or motion *in limine* being ruled upon or trial being conducted by a Magistrate Judge or master.

      **I.**    **Preliminary Estimate of Time for Trial**

The Parties estimate that this case will require three (3) weeks for trial. Consistent with the smoking and health cases that have taken place in the Middle District of Florida, it is anticipated that each side should have equal time to present its case, including cross-examination.

      **J.**    **Requested Date(s) for Conferences Before Trial, a Final Pre-Trial Conference, and Trial**

The Parties request that this case be set for trial in July 2021 and that the Court hold a final pre-trial conference at its convenience in June 2021. The Parties do not request any other conferences at this time.

      **K.**    **Any Issues About Electronically Stored Information**

The Parties do not anticipate any significant issues concerning electronically stored information at this time. *See also* Section I.(c) and (d).

      **L.**    **Any Other Information that Might Be Helpful to the Court**

The Parties do not have any other information to provide at this time.

Dated: March 10, 2020

Respectfully submitted,

| | |
|---|---|
| **GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.L.C.**<br>221 S.E. Osceola Street<br>Stuart, FL 34994<br>T: (772) 283-8260<br>F: (772) 220-3343<br><br>By: */s/ Charles L. Scott, Jr.*<br>Willie E. Gary, Esq.<br>Florida Bar No. 187843<br>Charles L. Scott, Esq.<br>Florida Bar No. 123168<br>cscott@williegary.com<br>beddison@williegary.com<br>tobacco@williegary.com<br>*Attorneys for Plaintiff* | Stephen J. Krigbaum (FBN: 978019)<br>skrigbaum@carltonfields.com<br>Garth T. Yearick (FBN: 96105)<br>gyearick@carltonfields.com<br>**CARLTON FIELDS, P.A.**<br>CityPlace Tower<br>525 Okeechobee Blvd., Suite 1200<br>West Palm Beach, FL 33401<br>Telephone: 561-659-7070<br>Facsimile: 561-659-7368<br><br>And<br><br>W. Randall Bassett (FBN: 0038813)<br>Kathryn S. Lehman (FBN: 95642)<br>Spencer M. Diamond (FBN: 91009)<br>rbassett@kslaw.com<br>klehman@kslaw.com<br>sdiamond@kslaw.com<br>KSTobacco@kslaw.com<br>**KING & SPALDING LLP**<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309-3521<br>Telephone: 404-572-4600<br>Facsimile: 404-572-5100<br><br>And<br><br>Ursula M. Henninger (FBN: 801631)<br>uhenninger@kslaw.com<br>KSTobacco@kslaw.com<br>**KING & SPALDING LLP**<br>300 S. Tryon Street, Suite 1700<br>Charlotte, NC 28202<br>Telephone: 704-503-2631<br>Facsimile: 704-503-2622<br>**Attorneys for Defendant R.J. Reynolds Tobacco Company** |